UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| JESSE S. NELSON and EVELYN WILKERSON,<br><br>Plaintiffs,<br><br>v.<br><br>ANDREW MICHAEL CHASE,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION TO AMEND THE COMPLAINT TO REQUEST PUNITIVE DAMAGES (DOC NO. 22)<br><br>Case No. 1:21-cv-00135<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiffs Jesse S. Nelson and Evelyn Wilkerson filed a motion[1] seeking to amend their complaint to add punitive damages as a form of recovery with respect to Mr. Nelson's claims.[2] Defendant Andrew Michael Chase opposes the motion, arguing it is untimely, unduly prejudicial, and futile in light of a stipulation entered into by the parties regarding liability and fault.[3] Plaintiffs have not demonstrated good cause to amend their complaint after the deadline in the scheduling order for filing motions to amend, as required by Rule 16 of the Federal Rules of Civil Procedure.[4] (Plaintiffs failed to address Rule 16 at all.) Accordingly, the motion is denied.[5]

---

[1] (Mot. to Amend Compl. to Req. Punitive Damages ("Mot."), Doc. No. 22.)

[2] (*See* Ex. B to Mot., Prop. Am. Compl. ¶ 26.e., Doc. No. 22-3.)

[3] (*See* Mem. in Opp'n to Pl[s.'] Mot. to Am. ("Opp'n") 1, Doc. No. 27.)

[4] *See* Fed. R. Civ. P. 16(b)(4).

[5] Oral argument is unnecessary; this decision is based on the parties' written memoranda. *See* DUCivR 7-1(g). On November 16, 2021, District Judge David Barlow referred this case to the undersigned under 28 U.S.C. § 636(b)(1)(A), (Doc. No. 13), which authorizes magistrate judges to handle non-dispositive pretrial matters. *See Clark v. Poulton*, 963 F.2d 1361, 1363 (10th Cir.

BACKGROUND

Plaintiffs brought suit against Mr. Chase, seeking compensation for injuries suffered as a result of a car accident which occurred on October 26, 2020.[6] Plaintiffs allege Mr. Nelson and Mr. Chase were both involved in the accident—Mr. Chase was driving and Mr. Nelson was a passenger.[7] According to Plaintiffs, the accident occurred after Mr. Chase offered to give Mr. Nelson a ride to a grocery store located at the base of a mountain road.[8] At the time of the accident, Mr. Chase was driving a Ford GT sports car, allegedly traveling at extreme and dangerous speeds.[9] Plaintiffs assert Mr. Nelson told Mr. Chase to slow down and asked to be let out of the vehicle multiple times.[10] Plaintiffs contend Mr. Chase eventually lost control and the vehicle left the roadway, crashed through a telephone pole, and rolled several times.[11] As a

---

1992). The Tenth Circuit has yet to decide whether the denial of leave to amend is dispositive. *See Vivint, Inc. v. NorthStar Alarm Servs.*, LLC, No. 2:16-cv-00106, 2018 U.S. Dist. LEXIS 48569, at *7 (D. Utah Mar. 23, 2018) (unpublished) (citing *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1247 (10th Cir. 2015)). In assessing magistrate judge authority, the Tenth Circuit focuses on the effect of a ruling, not the form of the motion. *See Braun v. Medtronic Sofamor Danek, Inc.*, No. 2:10-cv-1283, 2013 U.S. Dist. LEXIS 62513, at *12 (D. Utah May 1, 2013) (unpublished) (citing *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458 (10th Cir. 1988) and *First Union Mortg. Corp. v. Smith*, 229 F.3d 992 (10th Cir. 2000)). Where Plaintiffs contend they can request punitive damages at trial even if unpled, (*see* Mot. 2, Doc. No. 22), the effect of this ruling is not dispositive.

[6] (*See* Compl. ¶¶ 9–17, Doc. No. 2-2.)

[7] (*See id.* ¶¶ 11–13.)

[8] (*See id* ¶¶ 9–11.)

[9] (*See id.* ¶¶ 11–14.)

[10] (*See id.* ¶ 14.)

[11] (*See id.* ¶ 15.)

result of the crash, Mr. Nelson sustained serious and permanent injuries.[12] Ms. Wilkerson claims she paid for many of Mr. Nelson's medical bills and missed significant amounts of work to care for him during his recovery.[13]

Since the filing of the case, the parties have participated in discovery, including the depositions of Mr. Chase and Mr. Nelson. Mr. Chase was deposed on June 9, 2022, and Mr. Nelson was deposed on June 10, 2022.[14] During Mr. Chase's deposition, the parties reached the following stipulation regarding liability:

> MR. TAYLOR [counsel for Mr. Nelson]: So we're back on the record. Just a confirmation that Mr. Ford and I just had a discussion, along with Mr. Chase, and the defense is agreeable to stipulating to 100 percent of liability against Mr. Chase and that this matter will proceed solely on—well, this matter will proceed on damages and we will not need to litigate the question of liability and fault. Have I stated that correctly?
>
> MR. FORD [counsel for Mr. Chase]: That's correct. Thank you.[15]

On October 10, 2022, Plaintiffs filed the pending motion to amend the complaint, seeking to add punitive damages as a form of recovery with respect to Mr. Nelson's claims.[16] Per the November 9, 2021, scheduling order, Plaintiffs' deadline to file a motion to amend pleadings

---

[12] (*See id.* ¶ 16.)

[13] (*See id.* ¶ 17.)

[14] (Ex. C to Mot., Dep. of Jesse Nelson, Doc. No. 22-4 (excerpt); Ex. E to Mot., Dep. of Andrew M. Chase Doc. No. 22-6 (excerpt).)

[15] (Ex. A to Opp'n, Dep. of Andrew M. Chase 142:17–143:1, Doc. No. 27-1 (excerpt); *see also* Opp'n 2, Doc. No. 27 (describing the stipulation); Reply Mem. in Support of Pl.'s Mot. to Am. the Compl. to Req. Punitive Damages ("Reply") 5, Doc. No. 28 (referencing "Defendant's stipulation").)

[16] (*See* Mot., Doc. No. 22; Ex. B to Mot., Prop Am. Compl. ¶ 26.e., Doc. No. 22-3.)

was January 6, 2022 and Mr. Chase's deadline was January 20, 2022.[17] Although an amended scheduling order was issued on September 9, 2022,[18] it did not alter either deadline to move to amend pleadings and explicitly stated, "[a]ll deadlines and limitations not set forth herein remain unchanged."[19] Accordingly, the operative deadline for Plaintiffs to move to amend their pleadings remains January 6, 2022.

## LEGAL STANDARDS

In the Tenth Circuit, a party seeking to amend a complaint after the deadline to amend pleadings has passed must (1) demonstrate good cause to modify the scheduling order under Rule 16 of the Federal Rules of Civil Procedure and (2) satisfy the standards in Rule 15 of the Federal Rules of Civil Procedure for amending pleadings.[20] Neither Plaintiffs nor Mr. Chase identify or rely on this two-part standard in their briefs. Although both parties consider the appropriateness of Plaintiffs' motion in the context of Rule 15, neither addresses Rule 16's

---

[17] (Scheduling Order, Doc. No. 11.)

[18] (*See* First Am. Scheduling Order, Doc. No. 19.)

[19] (*Id.*)

[20] *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014); *see also Vivint*, 2018 U.S. Dist. LEXIS 48569, at *10 (explaining a Rule 16 analysis is necessary because when a "cutoff date for filing amended pleadings has come and gone[,] [i]f the court grants leave to amend," but "does not simultaneously modify the cutoff date for filing amended pleadings, any amended pleading that [the parties] file[] would be ineffective").

standards for evaluating motions to amend pleadings after the deadline in the scheduling order has passed.[21]

Under Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent."[22] Rule 16's good-cause requirement may be satisfied "if a plaintiff learns new information through discovery or if the underlying law has changed."[23] While courts may consider other factors,[24] the "primary consideration under Rule 16 is whether the moving party can demonstrate diligence."[25] "[G]ood cause is likely to be found when the moving party has been generally diligent" and provides "adequate explanation for any delay"[26] regarding their "fail[ure] to move to amend prior to the cutoff date" and/or "for the length of time between learning . . . new information warranting amendment and moving to amend."[27] "[F]ailure to

---

[21] (*See* Mot. 7–10, Doc. No. 22 (arguing Rule 15 factors of timeliness, undue prejudice, and futility); Opp'n 3–4 (same).); *see also* Fed. R. Civ. P. 15(a). Plaintiffs also draw upon Rule 6(b) of the Federal Rules of Civil Procedure—which governs extensions of deadlines generally. But they cite this rule for the first time in their reply brief. (*See* Reply 3, Doc. No. 28); *see also* Fed. R. Civ. P. 6(b).

[22] Fed. R. Civ. P. 16(b)(4).

[23] *Gorsuch*, 771 F.3d at 1240.

[24] *See Kennedy v. Prot. One Alarm Monitoring, Inc.*, No. 2:16-cv-00889, 2017 U.S. Dist. LEXIS 68476, at *4 (D. Utah May 4, 2017) (unpublished) (noting other circuits have considered factors such as prejudice and notice to the nonmoving party); *Boulder Falcon, LLC v. Brown*, No. 2:22-cv-00042, 2022 U.S. Dist. LEXIS 139309, at *13 (D. Utah Aug. 3, 2022) (unpublished) (noting prejudice is a "relevant consideration" under Rule 16).

[25] *Kennedy*, 2017 U.S. Dist. LEXIS 68476, at *4 (internal quotation marks omitted); *see also Boulder Falcon, LLC*, 2022 U.S. Dist. LEXIS 139309, at *13 ("[T]he focus of the good-cause standard is on [the movant's] diligence.").

[26] *Boulder Falcon, LLC*, 2022 U.S. Dist. LEXIS 139309, at *7 (alteration in original).

[27] *United States ex rel. Polukoff v. Sorensen*, No. 2:16-cv-00304, 2020 U.S. Dist. LEXIS 152196, at *17 (D. Utah Aug. 20, 2020) (unpublished) (citing *Birch*, 812 F.3d at 1248).

seek amendment within the deadline may be excused due to oversight, inadvertence, or excusable neglect."[28]

Rule 15 permits a party to "amend its pleading only with the opposing party's written consent or the court's leave."[29] While the decision whether to grant leave to amend falls within the court's discretion,[30] "[t]he court should freely give leave when justice so requires."[31] This is because the "purpose of [Rule 15(a)(2)] is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."[32] Denying leave to amend "is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[33]

## ANALYSIS

Plaintiffs argue their motion to amend is justified by newly discovered facts.[34] Plaintiffs also argue the motion is timely, and the proposed amendment will not prejudice Mr. Chase and is

---

[28] *Pathak v. FedEx Trade Networks T & B Inc.*, No. 16-cv-01357, 2018 U.S. Dist. LEXIS 5218, at *5 (D. Colo. Jan. 11, 2018) (unpublished) (citing *Sil-Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990)).

[29] Fed. R. Civ. P. 15(a)(2).

[30] *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

[31] Fed. R. Civ. P. 15(a)(2); *see also Minter*, 451 F.3d at 1204.

[32] *SCO Grp., Inc. v. Int'l Bus. Machines Corp.*, 879 F.3d 1062, 1085 (10th Cir. 2018) (alteration in original) (quoting *Minter*, 451 F.3d at 1204).

[33] *Sinclair Wyoming Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 778 (10th Cir. 2021).

[34] (Mot. 2, Doc. No. 22.)

not futile.[35] According to Mr. Chase, the motion is untimely, and the proposed amendment is both unduly prejudicial and futile—in light of the parties' stipulation that they would not litigate liability or fault.[36] Plaintiff's motion is denied because they have not demonstrated good cause under Rule 16(b)(4) to amend after the deadline in the scheduling order.

Although Plaintiffs do not reference Rule 16 in their motion, they argue amendment is justified by "facts that have come out during discovery."[37] Rule 16's good-cause standard may be satisfied "if a plaintiff learns new information through discovery"[38]—but not where a plaintiff "knew of the underlying conduct" supporting amendment but simply failed to raise it.[39]

Plaintiffs contend they learned facts during discovery justifying the amendment, but they do not specify which facts constitute "new information" or how that information was unavailable or unknown previously. While the facts Plaintiffs allege in their motion are more detailed than those in the complaint, the underlying allegations remain the same. By way of example, the complaint notes Mr. Chase traveled "at excessive and dangerous speeds"[40] while the motion

---

[35] (*Id.* at 7–9.)

[36] (Opp'n 1–4, Doc. No. 27.)

[37] (Mot. 2, Doc. No. 22.) Plaintiffs' arguments in the context of Rule 15 are evaluated under Rule 16—where Rule 16's good-cause standard must be met.

[38] *Gorsuch*, 771 F.3d at 1240.

[39] *See id.*; *see also In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) ("The good cause standard typically will not be met where the party seeking to modify the scheduling order has been aware of the facts and theories supporting amendment since the inception of the action."); *Dickerson v. Bd. of Trs. of Metro. State Univ. of Denver*, No. 19-cv-02087, 2020 U.S. Dist. LEXIS 259877, at *5 (D. Colo. Nov. 16, 2020) (unpublished) (denying leave to amend where the defendant had facts supporting the affirmative defense in its possession "all along").

[40] (Compl. ¶ 14, Doc. No. 2-2.)

notes he drove around a switchback "at 40–50 mph," "passed cars around blind corner[s] by driving on the wrong side of the road," and "accelerated to over 100 mph."[41] And the complaint notes Mr. Nelson "instructed [Mr. Chase] to slow down numerous times, and demanded to be let out of the vehicle"[42] while the motion notes Mr. Nelson "told Mr. Chase to 'slow the F down' at least three times" and asked "to stop the car and let him out on at least one occasion."[43] Plaintiffs have not established this increased specificity constitutes "new information" about previously unknown conduct. Moreover, the proposed amended complaint contains largely the same factual allegations as the original complaint.[44] The two are identical, with the exception of a singular added fact in the proposed amended complaint—the assertion that Mr. Chase was attempting to pass a line of four cars at the time he lost control.[45]

    Problematically, Plaintiffs rely heavily on Mr. Nelson's deposition to support the more specific factual allegations in their motion—and to support the only new factual assertion added to the complaint.[46] As a party to the events leading up to the accident and as a named plaintiff since the inception of this litigation, Mr. Nelson had possession of this information at the outset. He would have known everything he shared in his deposition at the time Plaintiffs filed their

---

[41] (Mot. ¶¶ 8, 14, 18, Doc. No. 22.)

[42] (Compl. ¶ 14, Doc. No. 2-2.)

[43] (Mot. ¶¶ 28–29, Doc. No. 22.)

[44] (*Compare* Compl. ¶¶ 8–17, Doc. No. 2-2, *with* Ex. B to Mot., Prop. Am. Compl. ¶¶ 8–17, Doc. No. 22-3.)

[45] (*Compare* Compl. ¶¶ 8–17, Doc. No. 2-2, *with* Ex. B to Mot., Prop. Am. Compl. ¶¶ 8–17, Doc. No. 22-3.)

[46] (Mot. ¶¶ 1–31, Doc. No. 22.) Plaintiffs cite Mr. Nelson's deposition in support of twenty-four out of the thirty-one paragraphs within the "statement of facts" section of their motion. (*Id.*)

original complaint, including the facts underlying the request for punitive damages. Information from Mr. Nelson's own deposition cannot be considered newly discovered facts sufficient to meet Rule 16's good-cause standard. Instead, Mr. Nelson's deposition testimony establishes Plaintiffs have been aware of the conduct underlying their request for punitive damages since the inception of this action.[47]

Moreover, even when a plaintiff has learned new information which may give rise to good cause to amend, she still must demonstrate diligence.[48] This means she must provide "adequate explanation for any delay"[49] regarding her "fail[ure] to move to amend prior to the cutoff date" and/or "for the length of time between learning . . . new information warranting amendment and moving to amend."[50] Plaintiffs' deadline to move to amend pleadings was January 6, 2022,[51] but Plaintiffs did not move to amend their complaint until nine months later, on October 10, 2022.[52] (Even if Plaintiffs had shown the depositions in June 2022 resulted in new information, they still waited four months before moving to amend.) Plaintiffs do not

---

[47] *See Unsworth v. Air Methods Corp.*, No. 5:20-cv-01967-ODW (SPx), 2022 U.S. Dist. LEXIS 140034, at *2 (C.D. Cal. Apr. 12, 2022) (unpublished) (holding the plaintiff "would not satisfy Rule 16's good cause standard even had he addressed it, because the [c]omplaint reflects that he has been aware of the theories underlying his request for punitive damages since the inception of this action"); *cf. Heart v. Ind. Transp., Inc.*, No. 2:15-cv-00058, 2016 U.S. Dist. LEXIS 71452, at *3 (D. Utah May 31, 2016) (unpublished) (assessing whether the plaintiff "should have been aware of his alleged entitlement to punitive damages" at an earlier stage of the litigation).

[48] *See Kennedy*, 2017 U.S. Dist. LEXIS 68476, at *4.

[49] *Boulder Falcon, LLC*, 2022 U.S. Dist. LEXIS 139309, at *7.

[50] *United States ex rel. Polukoff*, 2020 U.S. Dist. LEXIS 152196, at *17.

[51] (Scheduling Order, Doc. No. 11.)

[52] (Doc. No. 22.)

address this delay, making it impossible to assess diligence. This precludes a finding of good cause.[53]

Where Plaintiffs have not satisfied Rule 16's standards for modifying a schedule, it is unnecessary to evaluate the motion under Rule 15.[54]

CONCLUSION

Plaintiffs have failed to establish their proposed amendment is justified by newly discovered information, and they have provided no explanation for their delay in moving to

---

[53] Plaintiffs also contend their motion is justified because punitive damages are a remedy rather than a separate cause of action under Utah law, meaning they could request punitive damages at trial even if they are not pled. (*See* Mot. 2, Doc. No. 22.) And Plaintiffs argue any misunderstanding of Utah law on this point qualifies as excusable neglect under Rule 6(b). (Reply 3, Doc. No. 28; *see also* Fed. R. Civ. P. 6(b).) This argument is not addressed because Plaintiffs raised it for the first time in their reply. *See Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000) (noting the court "does not ordinarily review issues raised for the first time in a reply brief"). Moreover, Plaintiffs fail to address any factors relevant to an excusable neglect analysis. *See Utah Republican Party v. Herbert*, 678 F. App'x 697, 701 (10th Cir. 2017) (unpublished) (listing factors courts should consider "when determining whether neglect is excusable").

[54] *See Lewis v. Goldsberry*, No. CIV 11-0283 JB/ACT, 2012 U.S. Dist. LEXIS 26557, at *13 (D.N.M. Feb. 27, 2012) (unpublished) ("The Tenth Circuit has noted that the 'good cause' standard of rule 16 is 'an arguably more stringent standard than the standards for amending a pleading under [r]ule 15.'" (quoting *Bylin v. Billings*, 568 F.3d 1224, 1230 (10th Cir. 2009) and *Minter*, 451 F.3d at 1205 n.4)).

amend. Accordingly, they have not demonstrated good cause under Rule 16 and their motion to amend the complaint[55] is denied.

DATED this 31st day of January, 2023.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[55] (Doc. No. 22.)